**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4560

BUSTER HANLAN HALL, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-90-268)

Submitted: October 31, 1996

Decided: November 19, 1996

Before MURNAGHAN, WILKINS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Monica K.
Schwartz, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Buster Hall, Jr., appeals from the district court's order sentencing him to twenty-four months imprisonment upon revocation of his supervised release. We affirm.

Hall was convicted in February 1991 of conspiracy to distribute cocaine and was sentenced to twenty-seven months imprisonment, followed by three years of supervised release. Hall began his term of supervised release on March 19, 1993. On November 30, 1995, Hall was charged in a three-count indictment with conspiracy to distribute and to possess with intent to distribute crack cocaine and aiding and abetting the distribution of crack cocaine, 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1996), 18 U.S.C. § 2 (1994). Based upon his arrest and a positive urine screen for cocaine base, the Government filed a petition to revoke Hall's supervised release.*

Hall pled guilty to the conspiracy count and was sentenced to forty-two months imprisonment followed by thirty-six months of supervised release. The district court also imposed a consecutive twenty-four-month term of imprisonment for Hall's violation of his supervised release. Hall appeals, claiming that he was subjected to double jeopardy in that the same offense to which he pled guilty was the offense forming the basis for revocation of his supervised release.

This court recently addressed an identical claim in United States v. Woodrup, 86 F.3d 359 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025). Because the punishment imposed upon revocation of supervised release is considered

_____

*Two of the conditions of Hall's supervised release were that he not commit any crime (federal, state, or local) and that he not use or possess any controlled substance.

2

punishment for the original offense, "the Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release." <u>Id.</u> at 363; <u>see also United States v. Soto-Olivas</u>, 44 F.3d 788, 792 (9th Cir.), <u>cert. denied</u>, ___ U.S. ___, 63 U.S.L.W. 3860 (U.S. June 5, 1995) (No. 94-9173). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3